**LI YUN YE, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–4737–ag.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Gang Zhou, New York, NY, for Petitioner.

Cheryl Morgan, Assistant United States Attorney for Gregory F. Van Tatenhove, United States Attorney for the Eastern District of Kentucky, Lexington, KY, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Li Yun Ye (A 75–842–304), a native and citizen of the People's Republic of China, petitions through counsel for review of the Board of Immigration Appeals ("BIA") decision denying her claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA has summarily affirmed the decision of the immigration judge ("IJ"), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the BIA's factual findings, including credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this standard, "we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quotation marks and citation omitted). However, "[a]dverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).

Immigration Judge Gabriel C. Videla denied all three of Ye's claims because he found that she did not testify credibly at her removal hearing. This adverse credibility determination was based in significant part on the IJ's finding that Ye's testimony concerning the details of her allegedly involuntary abortion was inherently implausible. Specifically, the IJ found it implausible that the doctors could have performed the abortion on Ye, who claimed that she was experiencing pain during the procedure, without holding or restraining her legs. Taking "administrative notice of the fact that the thighs are the strongest muscles in the human body," the IJ concluded that if the petitioner were

"experiencing severe pain in the lower part of the body, the legs would start moving in a defensive manner and that would be almost impossible to control. The [petitioner's] testimony that nonetheless she held still because she was afraid, I don't find plausible. I don't think the respondent would be able to hold her legs still and if she struggled with her legs, of course, the doctor would not be able to operate on her. So, her description of [how] this operation allegedly happened, in my view, is not plausible."

The IJ plainly erred in purporting to take administrative notice of whether the thigh muscles are the strongest in the human body. An IJ may take administrative notice only of "commonly acknowledged facts" or "of technical or scientific facts that are within the agency's area of expertise." *Zubeda v. Ashcroft,* 333 F.3d 463, 479 (3d Cir.2003). The relative power of the thigh muscles vis-a-vis other muscles in the human body is a fact that does not fall into either category, and there was no evidence in the record to support the IJ's finding in this respect. It was also error for the IJ to conclude that it was inherently implausible that a woman who was experiencing pain during an abortion procedure could hold still without being restrained especially when, as Ye testified, she had been told that she would risk "life danger" if she moved. On the contrary, we think it wholly plausible that a person who thought that her life depended on holding still would strive, perhaps successfully, to overcome the natural tendency to move in response to pain.

Although several other grounds identified by the IJ for his adverse credibility determination against Ye find support in the record, such as Ye's inconsistent testimony about her reasons for leaving China, because the IJ's erroneous finding regarding the implausibility of Ye's testimony concerning her abortion was inextricably intertwined with his ultimate conclusion that Ye was not credible, we cannot be confident that the IJ would have reached the same result absent the identified error. We therefore GRANT the petition for review, VACATE the BIA's decision, and REMAND this case to the BIA for further proceedings consistent with this opinion. *See Xiao Ji Chen v. DOJ,* 434 F.3d 144, 162 (2d Cir.2006). Moreover, in view of the serious error committed by the IJ, we urge the BIA to assign this asylum application to a different IJ for renewed consideration of Ye's credibility. *See, e.g., You Hao Yang v. BIA,* 440 F.3d 72, 76 (2d Cir.2006) (per curiam); *Qun Wang v. Attorney Gen. of the United States,* 423 F.3d 260, 271 (3d Cir.2005); *Yi–Tu Lian v. Ashcroft,* 379 F.3d 457, 462 (7th Cir.2004); *Arulampalam v. Ashcroft,* 353 F.3d 679, 688–89 (9th Cir.2003).