**YANG FANG TANG, Xian Jin Li, Petitioners,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**Nos. 04–4546, A95–467–355, A95–467–356.**

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as respondent in this case.

Peter D. Lobel, New York, NY, for Petitioners.

Jean B. Hudson, Assistant United States Attorney, for John L. Brownlee, United States Attorney for the Western District of Virginia, Charlottesville, VA, for Respondent.

Present: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.[1]

## SUMMARY ORDER

Petitioners Yang Fang Tang and Xian Jin Li, through counsel, petition for review of a BIA order affirming, without opinion, a decision of Immigration Judge ("IJ") Gabriel C. Videla denying their consolidated applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume familiarity with the facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including credibility determinations, under the substantial evidence standard. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004); 8 U.S.C. § 1252(b)(4)(B). Adverse credibility determinations are reversible where they are "based on speculation or conjecture, rather than on evidence in the record." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Here, the IJ based his adverse credibility finding on numerous grounds, many of which were founded on pure speculation. For example, he found it to be implausible that a couple that had fled China because of a desire to have more children would not have sought medical assistance in becoming pregnant since coming to the United States. This "assumption seems to reflect what the IJ imagined [he] would have done in the circumstances and not a finding based on reliable generalizations about human nature." *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 110 (2d Cir.2006). Moreover, the couple's responses to the IJ's prolonged questioning on this point—that they were unaware of free clinics providing such services and that, while they were not using birth control, their current legal and financial uncertainty made procreation not an immediate priority—are neither inherently implausible nor refuted by anything in the record. Because the IJ specifically stated that this issue "goes to the very core of the respondents' claim" and therefore particularly "trouble[d]" him, this error is especially significant.

■ Similarly, nothing in the record justified the IJ's conclusions that it was implausible that the Chinese government would conduct forced abortions without anaesthesia, given how "inefficient and cruel" that would be, or that petitioner Yang Fang Tang could not have been sufficiently immobilized to permit the abortion to be conducted in the way she described.

---

1. The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

The latter conclusion is not only unsupported by the record, it is far outside the agency's area of expertise, as the IJ himself acknowledged, and so no administrative notice can be taken of this "fact."[2] *Cf. Zubeda v. Ashcroft*, 333 F.3d 463, 479 (3d Cir.2003).

In addition, several of the IJ's grounds for decision rested on mischaracterizations of Yang Fang Tang's testimony. For example, the IJ first asked Yang Fang Tang how many times she "*attempted* to get pregnant and give birth*," to which she responded, "I *tried* once" (emphasis added). The IJ then asked her "how many times in total" she had been pregnant, and the petitioner answered: "I was pregnant twice." It is clear that the IJ received different answers because he asked different questions. Nonetheless, the IJ found this "inconsistency" extremely revealing, stating that Yang Fang Tang had made "a slip" that caused her to inadvertently give "a truthful answer, that is, that she's only had one pregnancy in her life." In the same vein, the IJ found it implausible that the Chinese authorities would have come for Yang Fang Tang after she missed a single gynecological exam: "By the respondent's own testimony, apparently, she had missed other appointments in the past and yet nothing so drastic had happened." However, the petitioner had specifically testified that she had never before missed an appointment.

Some of the IJ's justifications for his adverse credibility determination were supported by the record. In particular, Yang Fang Tang's testimony included a number of contradictions and instances in which important details emerged only on cross-examination. However, in light of the number of errors made and their significance to the overall credibility determi-

nation, we cannot assert with confidence that the same decision would have been reached absent error. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

Accordingly, we **VACATE** the decision of the BIA and remand this case for further proceedings consistent with this order. In addition, we urge the BIA to assign this application to a different IJ on remand. *See, e.g., You Hao Yang v. Bd. of Immigration Appeals*, 440 F.3d 72, 76 (2d Cir.2006).

---

[2] We note that this IJ has a pattern of such inappropriate speculation regarding whether a woman's thighs are sufficiently restrained.

*See Li Yun Ye v. U.S. Attorney Gen.*, 178 Fed.Appx. 57 (2d Cir.2006).